IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VINCENT C. BRUCE, | ) | No. C 99-4492 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE |
| vs. | ) ) | SETTLEMENT AGREEMENT; DIRECTING DEFENDANTS TO |
| EDDIE YLST, et al., | ) ) | SHOW CAUSE |
| Defendants. | ) ) | (Docket Nos. 230, 236, 237) |

Plaintiff, a state prisoner proceeding pro se, filed a federal civil rights complaint pursuant to 42 U.S.C. § 1983, challenging prison gang validation procedures. On September 13, 2001, the court granted defendants' motion for summary judgment and terminated the case. On February 3, 2004, the Ninth Circuit affirmed in part, reversed in part, and remanded in part. See Bruce v. Ylst, 351 F.3d 1283 (9th Cir. 2003). Upon remand, the parties reached a settlement agreement, and entered into a stipulated dismissal. (Doc. No. 226.) On March 15, 2013, plaintiff filed a motion to enforce the settlement agreement, motion to appoint counsel, and motion to permit discovery. The case was thereafter re-assigned to the undersigned judge. Defendants have filed a response to plaintiff's motion to enforce the settlement agreement, arguing that plaintiff's motion is barred by res judicata and collateral estoppel.[1]  For the reasons stated below, the court

---

[1] Defendants' request for judicial notice is GRANTED. Plaintiff's motion for entry of default and motion for default judgment are DENIED.

Order Denying Plaintiff's Motion to Enforce Settlement Agreement; Directing Defendants to Show Cause
P:\PRO-SE\RMW\CR old\CR.99\Bruce492OSC.wpd

1  DENIES plaintiff's motion without prejudice, and issues an order to defendants to show cause.
2  Plaintiff's requests for appointment of counsel and permission to conduct discovery are denied
3  without prejudice.

## BACKGROUND

5  In the settlement agreement in the underlying case, plaintiff was awarded $7500.00, and
6  the parties agreed that a copy of the settlement agreement and the following language would be
7  placed in plaintiff's prison file:

> If Vincent Bruce is considered for revalidation as an associate or member of the Black Guerilla Family prison gang, the CDCR will thoroughly review the source item or sources items [sic] considered in and used to support any such revalidation to ensure that the proposed revalidation complies with CDCR criteria for revalidation that are in effect at the time of the proposed revalidation and the due process protections in effect at the time of the proposed revalidation. Such protections will include those set forth in <u>Castillo v. Terhune</u>, USDC N.D. Case No. C–94-2847, provided that the <u>Castillo</u> terms are in effect at the time of the proposed revalidation.

(Doc. No. 230, Ex. A at ¶ 6.)

In 2007, plaintiff was revalidated as a associate of the Black Guerilla Family prison gang. Plaintiff challenged this revalidation by filing a federal civil rights action in <u>Bruce v. Cate</u>, No. 09-4649 JW (N.D. Cal.). In his complaint, plaintiff alleged that defendants (1) denied him due process by revalidating him as an associate based on false evidence and without procedural protections; (2) retaliated against him by revalidating him as an associate of a prison gang; and (3) violated his constitutional right to receive mail. (Defs. Req. Judicial Notice, Ex. A.) On March 26, 2012, the defendants' motion for summary judgment was granted, and the civil rights action was closed. (<u>Id.</u>) In the order, the court found that, <u>inter alia</u>: (1) the 2007 revalidation process complied with due process in that the validation was supposed by "some evidence," and the process complied with procedural protections set forth in <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1104 (9th Cir. 1986), and (2) defendants did not retaliate against plaintiff as a matter of law.

## ANALYSIS

Plaintiff claims that the 2006 settlement agreement in the underlying case required the CDCR to follow its own gang revalidation criteria and procedures, as well as those protections

1  included in Castillo. However, argues plaintiff, in 2007, defendants used a secret process created
2  in 2002 to change plaintiff's status to that of an active gang member. Plaintiff states that in
3  2007, the revalidation process breached the 2006 settlement agreement because CDCR did not
4  adhere to its own criteria and procedures regarding the revalidation process, and did not comply
5  with the Castillo settlement. Defendants respond that plaintiff's motion to enforce the settlement
6  agreement is barred by res judicata and collateral estoppel. Defendants have not addressed
7  whether there has been a breach of the settlement agreement.

I. Res Judicata

In general, "[r]es judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis omitted). In the instant case, defendants contend that the claim raised in this lawsuit is barred because it was raised or could have been raised in a prior lawsuit that plaintiff brought in the Northern District of California. See Bruce v. Cate, No. 09-4649 JW (N.D. Cal., filed September 30, 2009). To determine the preclusive effect of the previous lawsuit – a federal lawsuit – the court must look to federal law. See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 n.10 (9th Cir. 2003) (noting that "'[t]he res judicata effect of federal court judgments is a matter of federal law'"). Under federal law, "[r]es judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011).

In order to determine whether there is an identity of claims, the court must determine: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005). "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and

*whether they could conveniently be tried together.*" <u>ProShipLine Inc. v. Aspen Infrastructures Ltd.</u>, 609 F.3d 960, 968 (9th Cir. 2010) (emphasis added) (internal quotation marks omitted).

Here, plaintiff's claim is not barred by res judicata because there is no identity of claims. Plaintiff did, in fact, raise the underlying breach of settlement claim in <u>Bruce v. Cate</u>, No. 09-4649 JW (N.D. Cal.), Docket No. 1 at 22-23. However, there, the court determined that the breach of settlement claim could not conveniently be tried with the federal constitutional claims and explicitly declined to address the claim, stating, "To the extent plaintiff seeks compliance with court orders in other cases, plaintiff must apply for relief in those cases." (Defs. Req. Judicial Notice, Ex. A at 17.) The court in <u>Bruce v. Cate</u>, No. 09-4649 JW (N.D. Cal.) rejected plaintiff's attempt to litigate this claim, and directed him to raise the claim in the underlying case, as plaintiff has done. The claim, therefore, is not barred by res judicata. See <u>ProShipLine Inc.</u>, 609 F.3d at 968; <u>see also</u> 18 C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u> § 4412, at 93-94 (1981) ("It is clear enough that a litigant should not be penalized for failing to seek unified disposition of matters that could not have been combined in a single proceeding. It is even clearer that no penalty should be inflicted if a deliberate effort to combine such matters has been expressly rejected.").

II.     <u>Collateral Estoppel</u>

Collateral estoppel, or issue preclusion, only bars the relitigation of issues explicitly litigated and necessary to the judgment. See <u>Hiser v. Franklin</u>, 94 F.3d 1287, 1292 (9th Cir. 1996). To foreclose relitigation of an issue under federal law: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated by the party against whom preclusion is asserted; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. See <u>Gospel Missions v. City of Los Angeles</u>, 328 F.3d 548, 553-54 (9th Cir. 2003) (no issue preclusion where plaintiff's standing to challenge ordinance provisions was not actually litigated in prior action).

As the court already stated, here, plaintiff is raising a claim that the 2006 settlement


1 agreement was breached by the 2007 revalidation process. In Bruce v. Cate, No. 09-4649 JW
2 (N.D. Cal.), the breach of settlement claim was not actually litigated, and the determination of
3 the breach of settlement claim was not a necessary or critical part of the judgment. Thus,
4 collateral estoppel does not bar this claim.

**CONCLUSION**

Based on the foregoing, plaintiff's motion is not barred by res judicata or collateral estoppel. Plaintiff's motion to enforce the settlement agreement, in which plaintiff seeks an evidentiary hearing, injunctive relief, declaratory relief, and damages, is DENIED without prejudice. The court must first determine whether defendants have breached the settlement agreement.

To that end, defendants are directed to show cause why plaintiff is not entitled to relief. Defendants should explicitly set forth: (1) which, if any, of plaintiff's specific claims of breach of the settlement agreement (Mot. at 11-14) are addressed in Judge Ware's opinion in Bruce v. Cate, No. 09-4649 JW (N.D. Cal.), and (2) for those claims that were not addressed, why plaintiff's claims should be rejected. Defendants' response shall be filed no later than **sixty days** from the filing date of this order. Plaintiff's reply shall be due thirty days thereafter.

Plaintiff's motion for appointment of counsel and permission to conduct discovery are DENIED without prejudice.

IT IS SO ORDERED.

DATED: ⊞⊞⊞

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BRUCE, ET AL,

        Plaintiff,

  v.

YLST, ET AL et al,

        Defendant.

Case Number: CV99-04492 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 31, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vincent C. Bruce J-84086
Pelican Bay State Prison
D6-101
P.O. Box 7500
Crescent City, CA 95532

Dated: March 31, 2014

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk