UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE,<br><br>    Plaintiff,<br><br>    v.<br><br>E. YLST, et al.,<br><br>    Defendants. | Case No. 99-cv-04492-YGR (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL DURING SETTLEMENT PROCEEDINGS; REFERRING PLAINTIFF TO FEDERAL PRO BONO PROJECT; AND STAYING PROCEEDINGS PENDING APPOINTMENT OF COUNSEL** |

## I. BACKGROUND

The above-referenced case was reassigned to the undersigned judge on November 3, 2016.

According to the record in this case, Plaintiff initially filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in 1999, and this action was first assigned to the Honorable Vaughn R. Walker. Plaintiff was challenging his gang validation, and on September 13, 2001, Judge Walker granted Defendants' motion for summary judgment. On December 10, 2003, the Ninth Circuit affirmed in part, reversed in part, and remanded this action to the district court. *Bruce v. Ylst*, 351 F.3d 1283 (9th Cir. 2003). Upon remand, Judge Walker appointed *pro bono* counsel, and the parties ultimately entered into a settlement agreement on December 13, 2006. The parties then entered into a stipulated dismissal. *See* Dkt. 226.

On March 15, 2013, Plaintiff filed a motion to enforce the settlement agreement. The case was thereafter re-assigned to the Honorable Ronald M. Whyte.

Judge Whyte re-opened the case, and ordered Defendants to file a response to Plaintiff's motion. Defendants filed their response, and Plaintiff filed a reply. The court denied the motion to enforce without prejudice in order to determine first whether the settlement agreement had been breached. The court then ordered Defendants to show cause why Plaintiff was not entitled to relief. Thereafter, Defendants filed their response, and Plaintiff filed his reply. On September 30, 2016, upon reviewing the pleadings and record in this case, Judge Whyte denied in part Plaintiff's motion to enforce the settlement agreement, and referred this matter to the Honorable Nandor J.

Vadas for settlement proceedings. Dkt. 272. As mentioned above, this case was then reassigned to the undersigned judge. Dkt. 275.

At this time, the parties are scheduled to appear before Magistrate Judge Vadas for a Telephonic Status Conference set for January 3, 2017 at 1:00 PM and for settlement proceedings through video-conferencing on January 9, 2017 at 2:00 PM.

Before the Court are Plaintiff's various motions: (1) his "Motion to Appoint Counsel to Facilitate a Timely Settlement of the Claims"; (2) his motion for reconsideration of Judge Whyte's "Order Denying in Part Motion To Enforce Settlement Agreement; Referring Case to Pro Se Prisoner Settlement Program"; and (3) his "Motion for an Expedited Order to Show Cause Why Relief Should Not Be Granted on Plaintiff's Claims [that] the 2013 Revalidation of the Plaintiff Violated the *Bruce v. Ylst* Settlement Agreement." Dkts. 278, 290, 291. The Court notes that Plaintiff has consented to magistrate judge jurisdiction in this matter.[1] Dkt. 279.

**II.    DISCUSSION**

"Generally, a person has no right to counsel in civil actions. . . . However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). To determine "exceptional circumstances" are present, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* In determining whether exceptional circumstances exist, "[a] district court must determine whether a) there is a likelihood of success on the merits; and b) the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Based on the record presented, the Court finds appropriate the appointment of counsel for the limited purpose of representing Plaintiff during settlement proceedings. Therefore, the Court exercises its discretion to GRANT Plaintiff's request for appointment of counsel to represent him during settlement proceedings. Dkt. 290.

---

[1] To date, Defendants have not indicated whether they have consented to magistrate judge jurisdiction.

**III.   CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Court GRANTS Plaintiff's request for appointment of counsel to represent him during settlement proceedings. Dkt. 290.

2. The Court notes that the settlement proceedings before Magistrate Judge Vadas will be vacated and will be rescheduled until after counsel has been appointed in this matter.

3. Having determined that it would be beneficial to have counsel assist Plaintiff during settlement proceedings in this matter, and good and just cause appearing, the Court hereby REFERS the action to the Federal Pro Bono Project ("Project") to secure *pro bono* counsel to represent Plaintiff in this action, in the manner set forth below:

    a. The Clerk of the Court shall forward the Referral Order to the appropriate Project office, San Francisco or San Jose, determined by whether the referring judge is located in the San Francisco/Oakland or San Jose division. The scope of this referral shall be for:

- ☐ <u>all purposes</u> for the duration of the case
- X  the <u>limited purpose</u> of representing the litigant in the course of
    - ☐ mediation
    - ☐ early neutral evaluation
    - X  settlement conference
    - ☐ briefing ☐ and hearing on the following motion (e.g., motion for summary judgment or motion to dismiss):
    _____
    - ☐ discovery as follows:
    _____
    - ☐ other:
    _____

    b. Upon being notified by the Project that an attorney has been located to represent Plaintiff, that attorney shall be appointed as counsel for Plaintiff in this matter for the scope of representation described above. If the appointment of counsel is for limited purposes, the Court shall issue an order relieving the volunteer attorney from the limited representation of the litigant once those purposes have been fulfilled.

    c. The instant action is temporarily STAYED and administratively closed until

3

the Court is informed by the Project that counsel has been secured and appointed by the Court. Upon the appointment of counsel, the action will be reopened, the case will continue to be stayed until **four (4) weeks** from the date an attorney is appointed to represent Plaintiff, a Case Management Conference will be scheduled, and settlement proceedings before Magistrate Judge Vadas will be rescheduled.

4. Plaintiff's remaining motions are DENIED without prejudice to refiling after counsel has been appointed for Plaintiff. Dkts. 278, 291.

5. This Order terminates Docket No. 278, 290, and 291.

IT IS SO ORDERED.

Dated: December 20, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge