UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>E. YLST, et al.,<br><br>　　　　　Defendants. | Case No. 99-cv-04492-YGR (PR)<br><br>**ORDER OF REFERENCE TO MAGISTRATE JUDGE ROBERT M. ILLMAN FOR DISCOVERY; ADDRESSING PLAINTIFF'S OTHER PENDING MOTIONS; AND SETTING NEW BRIEFING SCHEDULE** |

In 2013, this closed case was reopened by the Honorable Ronald M. Whyte[1] when Plaintiff, a state prisoner proceeding *pro se*, filed a motion to enforce a 2006 settlement agreement.[2]  Dkt. 233.  Specifically, Plaintiff claims that his 2007 revalidation as an associate of the Black Guerilla Family ("BGF") prison gang breached the 2006 settlement agreement because the California Department of Corrections and Rehabilitation did not adhere to its own criteria/procedures regarding the revalidation process and did not comply with the *Castillo*[3] settlement agreement.  *Id.*

On March 31, 2014, Judge Whyte denied the motion to enforce without prejudice in order to determine first whether the settlement agreement had been breached, and he ordered Defendants to show cause why Plaintiff was not entitled to relief.  Dkt. 245.

In addition, Plaintiff filed a motion for joinder of claims to include allegations that

---

[1] Judge Whyte was formerly assigned to this case, but he has since stepped down from the bench and assumed inactive status effective November 1, 2016.  Thereafter, this case was reassigned to the undersigned Judge.  Dkt. 275.

[2] According to the record in this case, Plaintiff initially filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in 1999, and this action was first assigned to the Honorable Vaughn R. Walker, who has since retired.  Plaintiff was challenging his gang validation, and on September 13, 2001, Judge Walker granted Defendants' motion for summary judgment.  On December 10, 2003, the Ninth Circuit affirmed in part, reversed in part, and remanded this action to the district court.  *Bruce v. Ylst*, 351 F.3d 1283 (9th Cir. 2003).  Upon remand, Judge Walker appointed pro bono counsel, and the parties ultimately entered into a settlement agreement on December 13, 2006.  The parties then entered into a stipulated dismissal, and this case was closed.  *See* Dkt. 226.  As mentioned, the case was later reopened and reassigned to Judge Whyte.

[3] The settlement agreement in *Castillo v. Alameida*, C 94-2847 MJJ (PR) (N.D. Cal.), prohibited the use of "laundry lists" in gang validation proceedings.

Defendants once again breached the 2006 settlement agreement when he was revalidated in 2013. Dkts. 256, 258. On March 28, 2016, Judge Whyte chose not to address the claim relating to the 2013 revalidation because it had not been fully briefed at that time and denied the motion for joinder without prejudice. Dkt. 268.

On September 30, 2016, Judge Whyte denied in part Plaintiff's motion to enforce the settlement agreement and referred this matter to the Honorable Nandor J. Vadas[4] for settlement proceedings. Dkt. 272.

On December 20, 2016, the Court appointed counsel for Plaintiff for the limited purpose of representing him at settlement proceedings. Dkt. 306.

On June 30, 2017, a settlement conference was held, but the case did not settle. Dkt. 317.

On July 20, 2017, Plaintiff's attorneys, Michael William Melendez, Esq. and Theresa Mae Rutledge, Esq., were terminated as counsel because they were only appointed to represent Plaintiff at settlement proceedings. *See* Dkt. 306.

On September 7, 2017, the Court directed the parties to file supplemental briefing specifically addressing the surviving claims, pursuant to the September 30, 2016 Order issued by Judge Whyte. *See* Dkt. 272 at 19. Defendants have filed their supplemental brief. Dkt. 333. Even though he has been granted two extensions, Plaintiff has not yet filed his supplemental brief, and the time for doing so has passed. Instead, Plaintiff now requests a third extension of time to file his supplemental brief. Dkt. 350. Also before the Court are Plaintiff's other pending motions, including the following: (1) Motion for Leave to File Motion for Pro Bono Appointment of Counsel (dkt. 326); (2) Motions for Appointment of Counsel (dkts. 325, 327); (3) Motion for Leave to Re-File Motion to Enforce the Settlement Agreement as to the 2013 Gang Revalidation (dkt. 332); and (4) discovery request entitled, "Motion for an Order Directing the Defendants to Disclose (Under a Protective Order) the Confidential Memorandum" (dkt. 341). Defendants oppose all the aforementioned motions except for Plaintiff's motion for a third extension of time to file his supplemental brief.

---

[4] Magistrate Judge Vadas has since retired as of November 4, 2017.

2

The Court will refer the pending discovery matter to a magistrate judge, and it will resolve the remaining motions below.

## I. PLAINTIFF'S REQUESTS FOR APPOINTMENT OF COUNSEL AND EXTENSION OF TIME

Plaintiff has filed a Motion for Leave to File Motion for Pro Bono Appointment of Counsel, which is DENIED as unnecessary. Dkt. 326. A explained above, Plaintiff's Motions for Appointment of Counsel are before the Court, and thus he does not need leave from the Court to file such motions. Dkts. 325, 327.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in a section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The Court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id*. at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id*.

Here, counsel for Plaintiff was only appointed for the limited purpose of representing him at settlement proceedings. *See* Dkt. 306. Settlement proceedings have since concluded, and this case did not settle.

To date, the parties have been directed to file supplemental briefing specifically addressing the surviving claims.

In light of Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved, the Court finds that exceptional circumstances entitling him to court appointed counsel do not exist at this time. Accordingly, Plaintiff's requests for appointment of counsel are DENIED without prejudice. Dkts. 325, 327.

3

However, the Court GRANTS Plaintiff's request for a third extension of time to file his supplemental briefing, and the parties shall abide by the briefing schedule below. Dkt. 350.

## II. MOTION FOR LEAVE TO RE-FILE MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AS TO THE 2013 GANG REVALIDATION

Plaintiff has filed a Motion for Leave to Re-File Motion to Enforce the Settlement Agreement as to the 2013 Gang Revalidation. Dkt. 332. Specifically, Plaintiff wishes to include allegations that Defendants breached the 2006 settlement agreement when he was revalidated in 2013. Because the claim that the 2013 revalidation breached the settlement agreement has not been fully briefed, and the remaining claims relating to his allegation that the 2007 revalidation breached the settlement agreement is still currently being briefed, the Court again chooses not to address the 2013 revalidation at this juncture. Therefore, the Court DENIES without prejudice Plaintiff's Motion for Leave to Re-File Motion to Enforce the Settlement Agreement as to the 2013 Gang Revalidation. Dkt. 332.

## III. REMAINING DISCOVERY MATTER

The final remaining matter is Plaintiff's pending discovery request entitled, "Motion for an Order Directing the Defendants to Disclose (Under a Protective Order) the Confidential Memorandum." Dkt. 341. Plaintiff requests the disclosure of the confidential source items used to revalidate him in 2007 as a BGF gang associate as well as his tape-recorded interview by prison staff on December 19, 2007 regarding his revalidation. *Id.* As mentioned above, Defendants object to Plaintiff's discovery request. Dkt. 345.

Pursuant to Civil Local Rule 72-1, this matter is REFERRED to Magistrate Judge Robert M. Illman for the remaining discovery matter. *See* Dkt. 341.

The parties shall refer to Magistrate Judge Illman's Standing Order in regard to discovery disputes. *See* Standing Order of Magistrate Judge Robert M. Illman at ¶ 13.

For the aforementioned pending discovery disputes, the parties should specially note the requirement to meet and confer pursuant to Magistrate Judge Illman's Standing Order. *See id.* No later than **twenty-eight (28) days** from the date of this Order, *after* they have met and conferred, the parties shall prepare a joint discovery letter. *See id.* Defendants' attorney is directed to

contact Plaintiff in order to prepare the detailed joint letter. *See id.* The parties are also advised to take into consideration any new requirements under the discovery rules. *See* Fed. R. Civ. P. 37.

Magistrate Judge Illman will advise the parties of how the matter will proceed. Magistrate Judge Illman may issue a ruling, order additional briefing, or set a telephone conference or a hearing.

Hereafter, all further discovery matters shall be filed pursuant to Magistrate Judge Illman's procedures and Standing Order. The parties shall contact the courtroom deputy of Magistrate Judge Illman for information about those procedures. Information may also be available on the Court's website.

The parties are to inform the Court when the discovery disputes are resolved, and they shall then abide by the briefing schedule outlined below.

## IV. CONCLUSION

For the reasons outlined above, the Court rules as follows:

1. The Court DENIES as unnecessary Plaintiff's Motion For Leave to File Motion for Pro Bono Appointment of Counsel. Dkt. 326.

2. The Court DENIES without prejudice Plaintiff's Motions for Appointment of Counsel. Dkts. 325, 327. The denial is without prejudice to renewing such a motion if his remaining claims survive dismissal.

3. The Court GRANTS Plaintiff's request for a third extension of time to file his supplemental briefing, and it sets the new briefing schedule outlined below. Dkt. 350.

4. The Court DENIES without prejudice Plaintiff's Motion for Leave to Re-File Motion to Enforce the Settlement Agreement as to the 2013 Gang Revalidation. Dkt. 332.

5. Plaintiff's remaining discovery matter is referred to Magistrate Judge Robert M. Illman. *See* Dkt. 341. No later than **twenty-eight (28) days** from the date of this Order, *after* the parties have met and conferred, the parties shall prepare a joint discovery letter. As directed above, Defendants' attorney shall contact Plaintiff in order to prepare the detailed joint letter.

6. The parties are to inform the Court when the discovery disputes are resolved.

7. The parties shall then abide by the following briefing schedule:

      a.      Plaintiff may file his response to Defendants' Supplemental Brief within **sixty (60) days** after the resolution of the pending discovery dispute.

      b.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's response is filed.

8. In the interests of justice, the Court sets a discovery cut-off date of **sixty (60) days** after the resolution of the pending discovery dispute. If Plaintiff attempts to meet and confer with Defendants regarding requests for the production of documents and is not satisfied with the result he may file a renewed discovery motion. But in no event shall he file such a motion until after he has received and reviewed the joint discovery letter and any responses to his discovery requests.

9. The matter shall be deemed submitted as of the date the reply brief is due. No hearing will be held unless the Court so orders at a later date.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

11. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

12. The Clerk of the Court shall send Plaintiff a copy of Magistrate Judge Illman's Standing Order in civil cases, along with a copy of this Order.

13. This Order terminates Docket Nos. 325, 326, 327, 332, and 350.

IT IS SO ORDERED.

Dated: October 19, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge

6